USDC CLERK, COLUMBIA, SC
RECEIVED
2021 FEB -1  PM 3:47

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brian Keith Herron, <br><br> *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* <br><br> -against- <br><br> United States of America, <br> Correction Officer Barton, <br> Correction Officer Battle, et al. <br><br> *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)* | **Complaint for Violation of Civil Rights** <br> (Prisoner Complaint) <br><br> Case No. _____ <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial:   ☒ Yes   ☐ No <br>           *(check one)* |

## NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

When submitted for filing, your complaint should be accompanied by the full filing fee or an application to proceed in *forma pauperis*.

1

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.   Attach additional pages if needed.

Name        Brian Keith Herron

All other names by which you have been known:

ID Number        07930-033

Current Institution        Federal Medical Center

Address        PMB 4000

Rochester, MN 55903-4000

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.   Make sure that the defendant(s) listed below are identical to those contained in the above caption.   For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.   Attach additional pages if needed.

Defendant No. 1

Name        United States of America

Job or Title
(if known)        U.S. Attorney General

Shield Number        Department of Justice

Employer        Federal Bureau of Prisons

Address        950 Pennsylvania Avenue, NW

Washington, DC 20530

☐     Individual capacity        ☒     Official capacity

Defendant No. 2

Name        Correction Officer Barton

2

| | |
|---|---|
| Job or Title (if known) | federal correction officer |
| Shield Number | Bureau of Prisons |
| Employer | Federal Correctional Institution |
| Address | 501 Gary Hill Road |
| | Edgefield, South Carolina 29824 |

☒ Individual capacity    &    ☒ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | Correction Officer Battle |
| Job or Title (if known) | federal correction officer |
| Shield Number | Bureau of Prisons |
| Employer | Federal Correctional Institution |
| Address | 501 Gary Hill Road |
| | Edgefield, South Carolina 29824 |

☒ Individual capacity    &    ☒ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Shield Number | |
| Employer | |
| Address | |

☐ Individual capacity        ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:   **SEE ATTACHED-(A.1)**

      ☒    Federal officials (a *Bivens* claim)

      ☐    State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

_____

_____

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____**SEE ATTACHED-(C.1)**_____

_____

_____

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____**SEE ATTACHED-(D.1)**_____

_____

_____

III.   **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

      ☐    Pretrial detainee

      ☐    Civilly committed detainee

      ☐    Immigration detainee

4

## II. Basis for Jurisdiction

A.1 TO BE FILED UNDER:

X 28 U.S.C. §§ 1346, and 2671, et seq.

FEDERAL TORT CLAIMS ACT (FTCA claim)

C.1 & D.1

### Claim I

The Plaintiff incorporates by reference paragraphs 1-27, of Section IV Statement of Claims (Facts), as if fully set forth in this paragraph.

The defendant United States of America was charge of Government employees' negligent and wrongful acts while acting within the scope of their employment under 28 U.S.C. § 1346(b), i.e., federal Bureau of Prisons, the Federal Correctional Institution Edgefield, South Carolina and whom were in performance of their duly promulgated official duties of being responsible to ensure the safety, care and well-being of the Plaintiff, including protecting Herron from battery or other harm. 18 U.S.C. § 4042 (2012).

### Claim II

Plaintiff Was Subjected To Cruel and Unusual Punishment In Violation of The Eighth Amendment To The Constitution.

Plaintiff incorporates paragraphs 1-27, of Section IV Statement of Claims (Facts), as though they were stated fully herein.

Defendants correction officers Barton and Battle violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment while acting in performance of their duly promulgated official duties as employee's of the federal Bureau of Prisons.

Continuation Page-4.1

☐ Convicted and sentenced state prisoner

☒ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

IV. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

**SEE ATTACHED-(A.1)**

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

C. What date and approximate time did the events giving rise to your claim(s) occur?

**SEE ATTACHED-(C.1)**

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

**SEE ATTACHED-(D.1)**

5

## IV. Statement of Claim (Facts)

A.1, C.1 & D.1

### Claim I

1. At all times relevant to this Complaint, Plaintiff Brian Herron is an inmate assigned to Bureau of Prisons (BOP), Federal Correctional Institution Edgefield (FCI Edgefield), South Carolina.

2. Plaintiff suffers a plethora of medical deficiencies, including paraplegia, fecal incontinence requiring adult diapers and surgically placed super pubic indwelling urinary catheter with drainage bag.

3. On or about October 30, 2019, Plaintiff was admitted in-patient to the Edgefield County Hospital.

4. On or about February 19, 2020, Plaintiff was lying on his back in his hospital bed and with both wrists handcuffed to front of BOP security waist chain which encircled his waist and was connected with padlock. His ankles were fettered with plastic flex-cuffs and connected to BOP security chain which secured to foot of bed with padlock.

5. Upon information and belief, on or about February 19, 2020, five FCI Edgefield correction officers, believed to be Barton, Battle, Pea, Grant, Crawford, entered Plaintiff's hospital room single-file to execute a Calculated Use of Force to increase progressive restraints on Herron.

6. Upon entering Plaintiff's room prison staff immediately covered Herron's upper body with a plexiglass security shield and pressed it down upon him with extreme force.

7. As to the claims in paragraphs 5-6, correction officer Barton was lead of single-file prison staff and was in control of the plexiglass security shield by gripping its two handles.

8. Correction officer Barton is of very large stature.

Continuation Page-5.1

9. As all other prison staff were pressing the shield down with their hands upon Plaintiff, correction officer Battle climbed up onto top of Herron's bed and stepped on his ankles/lower legs, damaging the skin, as Battle proceeded to stand atop the shield upon Plaintiff with his entire body weight.

10. Then, two of the guards reached under the shield, uncuffed the Plaintiff's hands from the waist chain and outstretched his arms to re-cuff each wrist to the hospital bed side rails.

11. As to the claim in paragraph 10, correction officer Barton pressed the shield down pinning Plaintiff's left wrist against the bed side rail with extreme force while stating, "How's that feel smartass."

12. Plaintiff heard a crunching sound and began crying out in severe pain and anguish and saying that his wrist bone was broken.

13. As to the claim in paragraph 12, correction officer Barton loudly stated, "He's faking."

14. Prison staff continued to handcuff both of Plaintiff's wrists to the bed side rails, removed the shield and exited his room.

15. As to the claims in paragraphs 5-14, prison staff did not record the events therein with video camera.

16. Hospital nurse provided Plaintiff pain medication, temporary support wrapping of left wrist and applied ice-pack to his wrist.

17. On or about February 19, 2020, hospital radiology staff performed x-rays of Plaintiff's left wrist and found hairline "crushing" fracture of the ulnar styloid bone.

18. Plaintiff's attending physician ordered brace casting of his left wrist for six weeks.

19. Plaintiff was soon thereafter consulted by orthopedic doctor

Continuation Page-5.2

whom diagnosed Herron's left wrist injuries to include sprain of the joint.

20. Plaintiff believes that after a reasonable opportunity for further investigation or discovery he will certainly discover documentary and other evidence to support the claims in paragraphs 5-19.

21. Prison staff at FCI Edgefield has a responsibility to protect all inmates in their custody and control to keep them safe from battery or other harm, including Plaintiff Herron.

22. The FCI Edgefield staff and correction officers were at all times relevant to this Complaint employed by the federal Bureau of Prisons.

23. At all times relevant to this Complaint, the FCI Edgefield staff and correction officers were acting within the scope and course of their employment with the federal Bureau of Prisoms.

24. The FCI Edgefield prison staff are bound to adhere to federal statute, regulation and policy, that which prescribes a specific course of action and directives, while in performance of their official duties.

25. The prison staff and correction officers at FCI Edgefield subjected the Plaintiff to excessive force and used restraints to punish, intimidate and inflict gratuitous pain upon Herron.

26. As a direct and proximate result of the conduct of the FCI Edgefield staff and correction officers, Plaintiff suffered substantial damages, including pain and suffering, physical impairment, emotional distress and harm.

<u>Claim II</u>

27. Plaintiff incorporates paragraphs 1-26, of Claim I above as if they were stated fully herein.

<u>Continuation Page-5.3</u>

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

**SEE ATTACHED-(V. Injuries)**

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

**SEE ATTACHED-(VI. Relief)**

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

6

## V. Injuries

### Claim I

1.) Plaintiff incorporates by reference paragraphs 1-27, above as if fully set forth in this paragraph.

2.) The staff at FCI Edgefield owed a duty to Plaintiff Herron, breached their duty to him, and this breach of duty was a direct and proximate cause and a substantial factor in bringing about Plaintiff Herron's damages outlined above.

3.) The actions or inactions of the staff at FCI Edgefield constitute the tort of negligence under the laws of The State of South Carolina.

4.) Under the Federal Tort Claims Act, defendant United States of America is liable for these actions.

### Claim II

Plaintiff Was Subjected To Cruel and Unusual Punishment In Violation of The Eighth Amendment To The Constitution.

5.) Plaintiff incorporates paragraphs 1-27, above as though they were stated fully herein.

6.) Defendants Barton and Battle violated Plaintiff's Eighth Amendment right as outlined above by deciding to administer their personal brand of punishment causing Plaintiff to suffer physical damages, pain and anguish.

7.) Defendants Barton and Battle subjected Plaintiff to excessive force by using restraints to punish, intimidate and inflict gratuitous pain upon Plaintiff Herron.

Continuation Page-6.1

## VI. Relief

### Claim I

Wherefore, Brian Herron demands judgment against the Defendant, the United States of America, as follows:

a. Award of compensatory damages not in excess of $175,000.00;

b. Award of costs, expenses and attorney's fees associated with the prosecution of this lawsuit;

c. Award post-judgment interest; and

d. Award such other and further relief as this Court may deem appropriate.

### Claim II

Wherefore, Plaintiff respectfully prays that this Court:

e. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States;

f. Order Defendants Barton and Battle, each, to pay compensatory damages of $30,000.00, for physical pain, and punitive damages of $15,000.00, for mental anguish;

g. Order Defendants Barton and Battle, each, to pay reasonable attorney fees and costs; and

h. Grant other just and equitable relief that this Honorable Court deems necessary.

Continuation Page-6.2

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

     ☒     Yes

     ☐     No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Federal Correctional Institution

501 Gary Hill Road

Edgefield, South Carolina 29824

B.     Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

     ☒     Yes

     ☐     No

     ☐     Do not know

C.     Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

     ☐     Yes

     ☐     No

     ☒     Do not know

If yes, which claim(s)?

_____

_____

_____

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

     ☐     Yes

     ☒     No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐     Yes

☒     No

E.     If you did file a grievance:

1.     Where did you file the grievance?

_____

_____

_____

_____

2.     What did you claim in your grievance?

_____

_____

_____

_____

3.     What was the result, if any?

_____

_____

_____

_____

4.     What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

_____

_____

_____

8

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

SEE ATTACHED-(F.1 & 2)

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

SEE ATTACHED-(F.1 & 2)

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Please see: **ATTACHMENT 1**, Declaration of Brian K. Herron Under Penalty of Perjury.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐   Yes

☒   No

9

## VII. Exhaustion of Administrative Remedies Administrative Procedures

F.1 & 2

The Plaintiff was denied a formal grievance form under 28 CFR § 542, by FCI Edgefield prison staff during his long-term hospitalization at the Edgefield County Hospital. This denial time-barred Herron from seeking remedy of the damages outlined in Section IV Statement of Claims (Facts), paragraphs 1-27, above. (Please see: **Attachment 1**, Declaration of Brian K. Herron Under Penalty of Perjury).

Upon Plaintiff's repeated requests for a formal grievance form he was threatened by prison staff not to pursue the aforesaid claims. (Id.).

The aforementioned denial of a formal grievance form to Plaintiff, coupled with the threats by prison staff to Herron, should satisfy the PLRA's exhaustion requirement of "available" remedies. (Id.).

However, prison staff did provide Herron a administrative tort claim notice-Standard Form 95. Plaintiff did file said Standard Form 95, alleging all claims and damages outlined in Section IV Statement of Claims (Facts), paragraphs 1-27, above. (Please see: **Attachment 2**, Administrative Tort Claim-Standard Form 95; Notice of Receipt; Administrative Response). The Supervisory Attorney for FCI Edgefield adjudicated and denied Herron's administartive tort claim notice citing Plaintiff's claims "appears" to allege a violation of constitutional rights and not negligence or wrongful acts or omission of any employee of the BOP while acting within the scope of his office or employment, even though Plaintiff outlined negligence and cited violation of BOP Program 5566.06 within the merits of his tort claim notice.

Plaintiff shows the Court his due diligent attemps to exhaust all administrative remedies through his Declaration Under Penalty of Perjury, the fact that he did file an administrative tort claim, as well as, the fact that he did exhaust remedies in a previous lawsuit against BOP staff.

Continuation Page-9.1

If so, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐    Yes

☒    No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff(s)   _____

        Defendant(s)  _____

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.    Docket or index number

        _____

    4.    Name of Judge assigned to your case

        _____

    5.    Approximate date of filing lawsuit

        _____

    6.    Is the case still pending?

        ☐    Yes

        ☐    No

        If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

_____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)  Brian Keith Herron

   Defendant(s) D. Meyer

2. Court *(if federal court, name the district; if state court, name the county and State)*

   U.S. district court, Southern District of Indiana, Terre Haute division

3. Docket or index number

   2:13-cv-00109-JMS-DKL

4. Name of Judge assigned to your case

   Jane Magnus-Stinson, Chief Judge

5. Approximate date of filing lawsuit

   February 2013

6. Is the case still pending?

   ☐ Yes

   ☒ No

11

If no, give the approximate date of disposition. May/June 2017

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Settled/Stipulated on Remand in Plaintiff's favor.

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/21 , 20 21.

Signature of Plaintiff _Brian Keith Herron_

Printed Name of Plaintiff  Brian Keith Herron

Prison Identification #  07930-033

Prison Address  Federal Medical Center, PMB 4000

Rochester, MN 55903-4000

City                State               Zip Code

### B. For Attorneys

Date of signing: _____ , 20__ .

Signature of Attorney  _____

Printed Name of Attorney  _____

Bar Number  _____

Name of Law Firm  _____

12

Address          _____

Telephone Number  _____

E-mail Address    _____

## VERIFIED COMPLAINT UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. §1746, I, Brian Keith Herron, declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _January 21_, 2021, in Rochester, Minnesota.

_Brian Keith Herron_

Brian Keith Herron, Plaintiff, pro se

13